**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **CHICAGO & VICINITY LABORERS'** ) <br> **DISTRICT COUNCIL PENSION PLAN and** ) <br> **CHICAGO & VICINITY LABORERS'** ) <br> **DISTRICT COUNCIL HEALTH & WELFARE** ) <br> **PLAN, CHICAGO AND VICINITY** ) <br> **LABORERS' DISTRICT COUNCIL RETIREE** ) <br> **HEALTH AND WELFARE PLAN, and** ) <br> **CATHERINE WENSKUS, Administrator of the** ) <br> **Plans.** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> **v.** ) <br> ) <br> **R &W CLARK CONSTRUCTION, INC.,** ) <br> ) <br> ) <br> **Defendant.** ) | **Case No.** |

**COMPLAINT**

Plaintiffs Chicago & Vicinity Laborers' District Council Pension Plan and Chicago & Vicinity Laborers' District Council Health & Welfare Plan, The Chicago & Vicinity Laborers' District Council Retiree Health & Welfare Plan (the "Plans"), Plaintiff Catherine Wenskus ("Wenskus"), Administrator of the Plans, by their undersigned attorneys, and for their Complaint against Defendant R & W Clark Construction, Inc., state as follows:

**COUNT I**

**(Failure To Pay Employee Benefit Contributions)**

1.     Jurisdiction is based on Sections 502(e)(1) and (2) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1132(e)(1) and (2); Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a); and 28 U.S.C. §1331.

2.     Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391(a) and (b).

3.     The Plans are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA.  29 U.S.C. §1002(3) and 37(A).  The Plans have offices, conduct business and are administered within this District.  Wenskus is the Administrator of the Plans, and has been duly

authorized by the Plans' Trustees to act on behalf of the Plans in the collection of employer contributions owed to the Plans and to the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Plans of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago (the "Union"). With respect to such matters, Wenskus is a fiduciary of the Plans within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

4.     Defendant R & W Clark Construction, Inc. (hereinafter "The Company"), currently, appears to be an Illinois corporation in good standing. The Company does business within this District and is an Employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of LMRA, 29 U.S.C. §185(a).

5.     The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and the Company are parties to a collective bargaining agreement ("Agreement"). (A copy of the "short form" Agreement entered into between the Union and the Company, which Agreement adopts and incorporates a Master Agreement between the Union and various employer associations, and also binds the Company to the Plans' respective Agreements and Declarations of Trust, is attached hereto as Exhibit A.)

6.     The Plans have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Trust Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation & Education Trust ("LECET"), [the Contractors' Association of Will and Grundy Counties (the "Will County Fund"), the Builders' Association of Greater Chicago ("BAC"), the Illinois Road Builders Association ("IRBA"), the Concrete Contractors' Association of Greater Chicago ("CCA"), the Chicago Area Independent Contractors Association ("CAICA"), the Illinois Small Pavers Association ("ISPA"). the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), and the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor

2

Management Committee Cooperative ("LDCMC"), to act as an agent in the collection of contributions due to those funds.

7.    The Agreement and the Plans' respective Agreements and Declarations of Trust, the Retiree Welfare Plan's Agreement and Declaration of Trust, and the Training Fund Agreement and Declaration of Trust obligate the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, for the training fund and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to the Plans remitted on behalf of each covered employee.  Pursuant to the terms of the Agreement, the Plans' respective Agreements and Declarations of Trust, the Retiree Welfare Fund Agreement and Declaration of Trust, and the Training Fund Agreement and Declaration of Trust, contributions which are not submitted in a timely fashion are assessed liquidated damages plus interest.

8.    The Agreement, the Plans' respective Agreements and Declarations of Trust, the Retiree Welfare Fund's Agreement and Declaration of Trust, and the Training Fund Agreement and Declaration of Trust (collectively referred to as "Trust Agreements), obligate the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, retiree health and welfare benefits and for the training fund, and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to the Funds remitted on behalf of each covered employee.  Pursuant to the terms of the Trust Agreements contributions which are not submitted in a timely fashion are assessed liquidated damages plus interest.

9.    The Agreement further obligates the Company to procure, carry and maintain a surety bond to guarantee payment of wages, Pension and Welfare contributions for the duration of the Agreement.

10.    Notwithstanding the obligations imposed by the Agreement, the Company has:

(a)    failed to report contributions owed to Plaintiff Chicago & Vicinity Laborers' District Council Pension Plan from January 2020 to the present, and failed to pay contributions to said Plan from January 2020 to the present, thereby depriving the Laborers' Pension Plan of contributions, income and information needed to administer the Plan and jeopardizing the pension benefits of the

participants and beneficiaries; and

(b)    failed to report all contributions owed to Plaintiff Welfare Plan from January 2020 to the present, and the pay contributions due to said Plan from January 2020 to the present, thereby depriving the Welfare Plan of contributions, income and information needed to administer the Plan and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c)    failed to report and pay all contributions owed to Laborers' Training Fund from January 2020 to the present, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the Training Fund benefits of the participants and beneficiaries;

(d)    failed to report and pay all contributions owed to the Chicago Laborers' District Council Retiree Health & Welfare Plan from January 2020 to the present, thereby depriving the Laborers' Retiree Health & Welfare Plan of contributions, income and information needed to administer the Plan and jeopardizing the Retiree Plan benefits of participants and beneficiaries.

(e)    failed to maintain a surety bond to guarantee the payment of wages, Pension and Welfare contributions, and;

(f)    failed to pay past due penalties for various report months.

11.    Despite demand duly made, the Company has not paid the required contributions or other sums due.

12.    All conditions precedent to requiring contributions and reports to the Plans have been met.

13.    The Company's actions in failing to make timely reports and contributions violate Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185.

14.    Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), and the terms of Plans' Trust Agreements, the Company is liable to the Plans for unpaid contributions and related amounts, as well as interest and liquidated damages on the unpaid contributions, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant R & W Clark Construction, Inc., for the amounts of contributions owed to date together with all accrued delinquencies after suit, interest, liquidated damages, attorneys' fees and costs, directing the

Company to obtain and maintain a surety bond to guarantee payment of wages, Pension and Welfare contributions as required by the Agreement, and an order directing Defendant to timely submit reports and upon demand by Plaintiffs submit to an audit, and any other legal and equitable relief as the Court deems appropriate.

## COUNT II

### (Failure To Pay Union Dues)

15.     Plaintiff realleges paragraphs 1 through 9 of Count I.

16.     Pursuant to the Agreement, the Plans have been duly designated to serve as collection agents for the Union in that the Plans have been given the authority to collect from employers union dues which have been deducted from the wages of covered employees.

17.     Notwithstanding the obligations imposed by the Agreement, the Company has failed to withhold and/or to report to and forward the union dues deducted or the Union dues that should have been deducted from the wages of employees for the period from January 2020 to the present, thereby depriving the Union of income.

18.     Pursuant to the Agreement, the Company is liable to the Plans for the unpaid union dues, as well as reasonable attorneys' fees, as the Union's collection agent, and costs, and such other legal and equitable relief as the Court deems appropriate.

19.     The Company's actions have violated and are violating Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against Defendant, R & W Clark Construction, Inc., for the amount of the Union dues owed to date together with all attorneys' fees and costs, and any other legal and equitable relief as the Court deems appropriate.

By: /s/Karen I. Engelhardt
Attorneys for Plaintiffs

Karen I. Engelhardt
Alyssa Busse
ALLISON, SLUTSKY & KENNEDY, P.C.
230 W. Monroe Street, Suite 2600
Chicago, Illinois 60606
(312) 364-9400                                        October 1, 2020

5